IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KATHERINE SLACK,

      Plaintiff,                        No. CIV S-09-1107 FCD EFB (TEMP)

    vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.                     FINDINGS AND RECOMMENDATIONS

_____/

       Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act.  For the reasons discussed below, the court will recommend that plaintiff's motion for summary judgment or remand be granted, that the Commissioner's cross-motion for summary judgment be denied, and that this matter be remanded under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

I. BACKGROUND

      Plaintiff filed an application for disability benefits on February 18, 2005, alleging a disability onset date of September 2, 2003.  Administrative Record ("AR") 84-86.  Her application was denied initially and upon reconsideration.  *Id.* at 67-71, 56-60.  A hearing was

held on February 28, 2008 before Administrative Law Judge ("ALJ") Peter Belli. *Id.* at 413-460. In a decision dated May 29, 2008, the ALJ determined plaintiff was not disabled.[1] *Id.* at 16-24.

The ALJ made the following specific findings:

> 1. The claimant has not engaged in substantial gainful activity since February 18, 2005, the application date (20 CFR 416.920(b) and 416.971 *et seq.*)
>
> 2. The claimant has the following severe impairments: degenerative joint disease and degenerative disc disease at L3-4, mild bilateral degenerative facet arthropathy at L4-5; degenerative changes at L5-S1; and history of Methicillin Resistant Staphylococcus aureus (MRSA) (20 CFR 416.920(c)).
> ...

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq.* Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq.* Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Bowen*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

>3. The claimant does not have an impairment or combination of impairments that meets of medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>...
>4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except lift/carry/push/and/or pull 20 pounds occasionally and ten pounds frequently; sit for 8/8 hours with normal work breaks; stand/walk for 6/8 hours with normal breaks; no climbing ladders, ropes or scaffolds; and occasionally stoop, kneel, crouch or kneel.
>...
>5. The claimant is capable of performing past relevant work as a housekeeper (motel), food server, and companion (elder facility). This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 416.965).
>...
>6. The claimant has not been under a disability, as defined in the Social Security Act, since February 18, 2005 (20 CFR 416.920(f)), the date the application was filed.

*Id.* at 17-24.

Plaintiff requested that the Appeals Council review the ALJ's decision. However, on February 23, 2009, the Appeals Council denied review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. *Id.* at 4-6.

This appeal followed. Among other assertions of error, plaintiff contends the ALJ improperly found that plaintiff's Methicillin Resistant Staphylococcus Aureus ("MRSA") infection was not a severe impairment at step two of the sequential analysis. Dckt. No. 22. Plaintiff further contends that because of this error, the ALJ improperly found she could perform her past relevant work as a companion in an elder facility. These contentions are dispositive and require remand.[2]

---

[2] With respect to plaintiff's other contentions, the court notes the following: The Commissioner's reliance on the opinion of a state agency physician (AR 19, 178, 188) that plaintiff's mental impairment did not meet the durational requirement, is misplaced in light of

## II. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

////

---

the functional limitations assessed by examining psychologist Dr. Cormier in June 2005 and the subsequent references to mental impairment from anxiety in the medical record in August 2006 and May 2007. AR 165-168, 230, 233, 286. A second psychological consultative examination would be warranted given this record and the fact that the state agency physicians were only estimating that plaintiff's mental impairment would not be severe by June 2006. AR 190. On remand, the ALJ should also develop the record with respect to plaintiff's seizure disorder in light of the repeated references in the medical record to prescriptions for Gabitril, an anti-seizure medication (AR 133, 205, 207, 236), plaintiff's history of unexplained falls and accidents (AR 246, 263, 283, 340, 356, 359, 362, 365, 379, 383), and the ALJ's failure to provide any medical records to the examining internal medicine specialist. AR 170. Also, on remand, if the ALJ determines that plaintiff can perform light work, then the decision should so state, rather than setting forth contradictory statements in the decision regarding sedentary capacity while listing limitations that pertain to a higher residual functional capacity. *See* AR 19.

III. <u>ANALYSIS</u>

Plaintiff contends that the ALJ made contradictory findings with respect to the severity of her MRSA infection and failed to properly develop the record with respect to plaintiff's functional limitations from this impairment. As a result of the errors, plaintiff asserts the ALJ erred in finding plaintiff could perform her past relevant work.

"The step-two inquiry is a de minimis screening device to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). The purpose is to identify claimants whose medical impairment is so slight that it is unlikely they would be disabled even if age, education, and experience were taken into account. *Bowen v. Yuckert*, 482 U.S. 137, 153 (1987).

At step two of the sequential evaluation, the ALJ determines which of claimant's alleged impairments are "severe" within the meaning of 20 C.F.R. § 416.920(c). A severe impairment significantly limits a person's physical or mental ability to do basic work activities. *Id.* "An impairment is not severe if it is merely 'a slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities.'" *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (quoting Social Security Ruling ("SSR") 96-3p (1996)). If a severe impairment exists, all medically determinable impairments must be considered in the remaining steps of the sequential analysis. 20 C.F.R. § 416.923. The ALJ "must consider the combined effect of all of the claimant's impairments on her ability to function, without regard to whether each alone [i]s sufficiently severe." *Smolen*, 80 F.3d at 1290; 20 C.F.R. § 416.923.

At step two of the sequential analysis, the ALJ found plaintiff has a severe impairment of history of MRSA infection. AR 17. Within the body of the decision, however, the ALJ made the contradictory finding that plaintiff's MRSA infection did not meet the durational requirement. AR 22. This finding is not supported by substantial evidence. On the contrary, the medical evidence is replete with references to the sequelae of recurrent MRSA infection over an extended period, well beyond the twelve month durational requirement. AR 402 (October, 2007,

1  request for follow up for treatment for MRSA infection), 229 (October, 2007, sores in axilla
2  from MRSA healed), 269-271 (October, 2007 multiple acute MRSA infection in axilla), 403
3  (September, 2007 (reinfection), 272-279 (August, 2007, treatment for colitis type syndrome
4  associated with antibiotics), 409 (prior infection from MRSA had resolved; three week history of
5  diarrhea with weight loss, infection with *C. difficile enteritis*), 286-293 (May, 2007 treatment for
6  MRSA infection), 347-355 (May-June, 2006 treatment for MRSA labial abscess).

7  Although inartfully formulated by plaintiff, the question presented here is whether the
8  ALJ properly considered the functional limitations of all medically determinable impairments at
9  the remaining steps of the sequential evaluation. *See Smolen*, 80 F.3d at 1290 (if one severe
10 impairment exists, all medically determinable impairments must be considered in the remaining
11 steps of the sequential analysis) (citing 20 C.F.R. § 404.1523); *see Burch v. Barnhart*, 400 F.3d
12 676, 682-82 (9th Cir. 2005). The ALJ found that the MRSA impairment causes no limitations in
13 plaintiff's ability to perform work activity other than limitations indicated in the residual
14 functional capacity assessed by the ALJ. AR 22. Since the residual functional capacity sets
15 forth no limits attributable to MRSA (AR 19), such as avoiding close contact with individuals
16 susceptible to infection, it appears the ALJ inconsistently found the MRSA infection was severe
17 and not severe at the same time.

18 This inconsistency is fatal to the ALJ's conclusion at step four of the sequential
19 evaluation that plaintiff could perform her past relevant work as a companion in an elder care
20 facility. "Although the burden of proof lies with the claimant at step four, the ALJ still has a
21 duty to make the requisite factual findings to support his conclusion. Social Security Ruling
22 "S.S.R.") 82-62.[3] *See* 20 C.F.R. §§ 404.1571 and 416.971, 404.1574 and 416.974, 404.1565 and

---

[3] Social Security Rulings "represent precedent final opinions and orders and statements of policy and interpretations that we have adopted." 20 C.F.R. § 402.35(b)(1). Social Security Rulings are "binding on all components of the Social Security Administration." *Heckler v. Edwards*, 465 U.S. 870, 873 n.3 (1984); *cf. Silveira v. Apfel*, 204 F.3d 1257, 1260 (9th Cir.2000) ("This court defer[s] to Social Security Rulings . . . unless they are plainly erroneous or

416.965." *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001). "This is done by looking at the 'residual functional capacity and the physical and mental demands' of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(e) and 416.920(e)." *Pinto*, 249 F.3d at 844-45. The claimant must be able to perform: (1) the actual functional demands and job duties of a particular past relevant job; or (2) the functional demands and job duties of the occupation as generally required by employers throughout the national economy. *Id*. at 845 (citing S.S.R. 82-61). "This requires specific findings as to the claimant's residual functional capacity, the physical and mental demands of the past relevant work, and the relation of the residual functional capacity to the past work." *Id*. (citing S.S.R. 82-62). "Social Security Regulations name two sources of information that may be used to define a claimant's past relevant work as actually performed: a properly completed vocational report, S.S.R. 82-61, and the claimant's own testimony, S.S.R. 82-41." *Id*.

The vocational expert testified that plaintiff's past work as a housekeeper, food server and companion at an elder care facility could be performed if plaintiff retained the residual functional capacity to perform light work. AR 458. At step four, the ALJ found plaintiff could perform her past relevant work in the occupations identified by the vocational expert. AR 23. A job is considered past relevant work only if it involved "substantial gainful activity." 20 C.F.R. § 416.972; *Lewis v. Apfel*, 236 F.3d 503, 515 (9th Cir. 2001). The job must have been "done within the last 15 years [and] lasted long enough for [plaintiff] to learn to do it." 20 C.F.R. § 416.965. Past work which was done for a *de minimis* period is not past relevant work within the meaning of the regulations. 20 C.F.R. § 416.965; SSR 84-25 (jobs ending with three months considered unsuccessful work attempt); *cf. Gatliff v. Commissioner of Social Security*, 172 F.3d 690 (9th Cir. 1999) (string of sequential two month jobs does not constitute substantial gainful activity.)

---

inconsistent with the Act or regulations").

1  Plaintiff's work history shows only one job, *i.e.* that of care giver in an elderly facility,
2  which can be considered to be past relevant work, from both a durational viewpoint as well as
3  the amount of money earned. AR 107; 20 C.F.R. § 416.974 (earnings below certain thresholds
4  not considered to be substantial gainful activity). This point appears to be conceded by
5  defendant. *See* Def.'s Br. at 9:23-28, fn. 4. The ALJ included no limitations in the residual
6  functional capacity attributable to the MRSA impairment. No inquiry was made of the
7  vocational expert as to what duties would be performed by a companion at an elder care facility.
8  The vocational expert simply testified that such a job would require a light residual functional
9  capacity and identified such job in the Dictionary of Occupation Titles[4] as 309.677-010.[5] AR
10  458. The position of care giver, as described by plaintiff, included dispensing medication,
11  helping the elderly in personal hygiene, and transferring the residents of the elder care facility.
12  AR 108. Under the DOT's description of the job as well as plaintiff's testimony, it appears close
13  personal contact with the patient is required. There was no questioning of the vocational expert
14  as to whether a person who has a recurrent MRSA infection would be allowed to perform duties
15  requiring close physical contact with elderly persons. On the present record, substantial
16  evidence does not support the ALJ's finding that plaintiff could perform her past relevant work.
17  ////
18  ////

---

[4] The United States Dept. of Labor, Employment & Training Admin., Dictionary of Occupational Titles (4th ed. 1991), ("DOT") is routinely relied on by the SSA "in determining the skill level of a claimant's past work, and in evaluating whether the claimant is able to perform other work in the national economy." *Terry v. Sullivan*, 903 F.2d 1273, 1276 (9th Cir. 1990). The DOT classifies jobs by their exertional and skill requirements. The DOT is a primary source of reliable job information for the Commissioner. 20 C.F.R. § 404.1566(d)(1).

[5] That occupational category is described in the DOT as follows:
309.677-010 COMPANION (domestic ser.)
Cares for elderly, handicapped, or convalescent persons: Attends to employer's personal needs [PERSONAL ATTENDANT (domestic ser.)]. Transacts social or business affairs [SOCIAL SECRETARY (clerical)]. Reads aloud, plays cards, or other games to entertain employer. Accompanies employer on trips and outings. May prepare and serve meals to employer.

## VI. CONCLUSION

For the foregoing reasons, this matter should be remanded under sentence four of 42 U.S.C. § 405(g) for further findings addressing the deficiencies noted above.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for summary judgment or remand be granted;

2. The Commissioner's cross-motion for summary judgment be denied;

3. This matter be remanded for further proceedings consistent with this order; and

4. The Clerk be directed to enter judgment for plaintiff.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 14, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE